## EGYPTIAN SUPPLY CO. v. BOYD et al.
## In re GRAVES.
### No. 8651.

Circuit Court of Appeals, Sixth Circuit.

Feb. 11, 1941.

Albert Karnes and Waller & Threlkeld, all of Paducah, Ky., for appellant.

David R. Reed, James G. Wheeler, A. E. Boyd, E. Palmer James, Adrian H. Terrell, A. E. Boyd, Jr., McMurry, Katterjohn & Reed, Wheeler & Shelbourne, and Boyd & Boyd, all of Paducah, Ky., for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

This case, which arises in proceedings in bankruptcy, involves conflicting claims of two classes of creditors. On September 12, 1938, appellant, Egyptian Supply Company,

filed in the McCracken County Circuit Court of Kentucky an action against R. W. Graves, seeking to recover $1,988.97 for merchandise sold and delivered to him.

Simultaneously with the filing of the petition, it sued out and was granted an attachment pursuant to the provisions of Sections 196 to and including 212 of the Kentucky Code, which attachment was levied on two lots, together with improvements thereon, at 1726 Monroe Street and 617 North Fifth Street, Paducah, Kentucky.

Pursuant to the provisions of Sections 2358a-2 and 2358a-3 of Carroll's Kentucky Statutes, Baldwin's Edition, 1936, a lis pendens notice was filed by appellant in the County Court Clerk's office of McCracken County. Subsequently, during the month of September, 1938, the appellees, exclusive of A. E. Boyd, trustee, pursuant to the provisions of Sections 2463 to and inclusive of Section 2468, Carroll's Kentucky Statutes, Baldwin's 1936 Edition, filed in the County Clerk's office of McCracken County, mechanics' and materialmen's liens for labor and materials used in the erection, altering and repairing of houses on the real estate covered by the attachment.

On November 5, 1938, R. W. Graves filed his petition in bankruptcy in this action and on November 7, 1938, was adjudged a bankrupt.

Appellant, Egyptian Supply Company, as an attachment lien creditor, filed in these proceedings its claim which was identical with the one in its petition. Each of the appellees, excluding A. E. Boyd, trustee, filed in these proceedings his mechanics' and materialmen's lien claim identical with the ones theretofore filed in the Clerk's office of the McCracken County Court. The referee found that the bankrupt was insolvent on September 12, 1938, the date appellant procured its attachment and, on petition of the trustee, dissolved appellant's lien and found it to be a general creditor. He sustained the liens of the materialmen and mechanics. On petition for review, the court sustained the referee and this appeal is prosecuted from that order.

At the time these proceedings were instituted appellant had perfected its attachment lien and appellees, exclusive of A. E. Boyd, Jr., trustee, had perfected their mechanics' and materialmen's lien. Appellees' lien was subsequent to appellant's and appellant insists that, under the facts, it was the duty of the court to preserve its lien for the benefit of the estate and further that there is no substantial evidence the bankrupt was insolvent at the time its lien was obtained and that for this reason its lien is superior to the mechanics' and materialmen's liens.

Under the express provisions of the Bankruptcy Act, every lien against the property of a person obtained by attachment within four months before the filing of the petition in bankruptcy shall be deemed null and void if, at the time such lien was obtained, such person was insolvent, provided, however, the court may on due notice order any such lien to be preserved for the benefit of the estate.

It is also provided that statutory liens in favor of employees, contractors and mechanics may be valid against the trustee even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy and where, under applicable laws, such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid if perfected within the time permitted by and in accordance with such laws. Bankruptcy Act, Sec. 67, sub. a (1) (3) (5) b, 11 U.S.C.A. § 107, subs. a(1, 3, 5), b, 52 Stat., ch. 575, pp. 875, 876, 877.

Appellant insists that since, under the provisions of the Bankruptcy Act, a lien subject to dissolution by bankruptcy may be preserved and the trustee be subrogated to the rights of the lien creditor, the court was in error in dissolving its lien in any event.

The court is not required to preserve such a lien under all conditions, but should exercise discretion and make the order only where consistent with the provisions of the Bankruptcy Law and principles of equity, and such lien should not be preserved merely for the purpose of displacing or defeating another lawful lien. First National Bank v. Live Stock National Bank, 8 Cir., 31 F.2d 416.

If the funds available for general creditors may be increased by preserving the lien, it should be retained.

The statute in question, § 67, sub. a(1), makes attachment liens absolutely void if the bankrupt was insolvent at the time obtained and if the lien was created within four months of bankruptcy. If the complete legal and equitable title to the attached property, as in the case at bar, be in the bankrupt, it passes at once to the bankrupt's trustee as a part of his estate. Section 67,

sub. a(3), provides for the preservation of the attachment lien for the benefit of the entire body of creditors, where, but for its preservation, the property might pass to another person. First National Bank v. Staake, 202 U.S. 141, 146, 26 S.Ct. 580, 50 L.Ed. 967. The object of the statute in preserving an attachment lien is to avoid a preference to an individual creditor and while the attachment lien of a preferred creditor is annulled as a preference for himself, it is preserved for the benefit of himself and all his fellow creditors. The extent to which liens obtained by prior judicial proceedings against a bankrupt under state laws shall be recognized is a matter wholly within the discretion of the Congress and it had the power to invalidate liens obtained within four months prior to the filing of the bankrupt's petition.

If the present attachment lien was superior to the mechanics' and materialmen's lien, its preservation would have tended to bring about a pro rata participation of all of the bankrupt's creditors in his estate, which is one of the objects of the statute and in such cases the court should preserve the lien.

■ The present question of priorities is to be determined by the laws of the Commonwealth of Kentucky where each lien was created, they being property rights unmodified by the Bankruptcy Act except as heretofore stated. Bailey v. Baker Ice Machine Company, 239 U.S. 268, 275, 36 S.Ct. 50, 60 L.Ed. 275; Martin v. Commercial National Bank, 245 U.S. 513, 519, 38 S.Ct. 176, 62 L.Ed. 441; Carey v. Donahue, 240 U.S. 430, 437, 36 S.Ct. 386, 60 L.Ed. 726, L.R.A.,1917A, 295. It is necessary, therefore, to examine the Kentucky Statutes relating to mechanics' liens.

Under Kentucky law, mechanics' and materialmen's liens are inferior to mortgages or other contract liens or bona fide conveyances for value created prior to notice of the mechanics' and materialmen's liens duly recorded or lodged for record according to law. Section 2463, Carroll's Kentucky Statutes, Baldwin's 1936 Edition.

■ At the time appellant perfected its attachment lien, appellees were furnishing labor and material to the bankrupt for which they had an inchoate lien, but none of them had given constructive notice of having worked or furnished materials, by filing in the County Court Clerk's office a statement of the labor performed or material furnished or what they expected to do or to furnish. They subsequently filed the statements necessary to mature their inchoate rights to a lien as provided by the statute and their respective liens related back and took effect prior to the perfection of appellant's lien. It follows that their liens are superior unless appellant's lien falls within the phrase "mortgage, or other contract lien, or bona fide conveyance for value."

Kentucky has had a mechanics' and materialmen's lien statute since 1839 (1839 Acts, General Assembly, Commonwealth of Kentucky, p. 83). That and later amendments to the statute were construed as creating a lien commencing with the work and continuing to enlarge pari passu with its progress, and no intervening lien or encumbrance could break its continuity or curtail its extent, which lien continued until six months after the completion of the work or the furnishing of materials. Amendments were made to the Act from time to time, varying the superiority of mechanics' and materialmen's liens and the time within which they were terminated. The language of the present Act first appeared in the Acts of 1896, ch. 29, p. 47, as follows: "* * * That such lien shall not take precedence of a mortgage or other contract lien, or bona fide conveyance for value without notice, duly recorded or lodged for record according to law, * * *."

The Act was again amended in 1910, ch. 64, p. 202, in some particulars. The above phrase was retained with the exception that a comma was inserted after the word "contract" and omitted after the word "lien." The Act was further amended in 1912, ch. 115, p. 389, with the same phrase and punctuation as in 1910, and has since so continued in effect.

■■ It is a well settled rule that punctuation is a fallible standard of the meaning of a statute and is resorted to only as a last resort in construing doubtful statutes. Punctuation marks are no part of an Act and to determine legislative intent, punctuation will be disregarded or the phrase repunctuated if that be necessary in order to arrive at the natural meaning of the words employed. United States v. Shreveport Grain & Elevator Company, 287 U.S. 77, 83, 53 S.Ct. 42, 77 L.Ed. 175; Joy v. St. Louis, 138 U.S. 1, 32, 11 S.Ct. 243, 251, 34 L.Ed. 843.

■ In carrying out legislative purpose which is the prime and sole object of all rules of statutory construction, the courts

are not always confined to the literal meaning of a statute and to this end will disregard punctuation and may disregard the literal import of words used, when the reason of the law is indicated by its general terms and when adherence to its strict verbiage or punctuation will defeat its purpose. Commonwealth v. Fenley, 189 Ky. 480, 225 S. W. 154.

The legislation with which we are here dealing is a beneficent statute enacted for the encouragement of building mechanics and materialmen and should be construed to effectuate its purpose. Trustees of Caldwell Institute v. Young, 2 Duv. 582, 63 Ky. 582. If the word "contract" as used in the statutory phrase be treated as a noun instead of an adjective adding to the meaning of lien, it would make materialmen's and mechanics' liens inferior to all contract debts incurred by the property owner between the date of the commencement of the work and the filing of statutory notice of the lien. When a comma is placed after the word "lien" instead of the word "contract," the statute makes the mechanics' and materialmen's lien subordinate to mortgages, contract liens or bona fide conveyances for value incurred before notice was duly recorded of the mechanics' and materialmen's lien. It is clear it was the intention of the legislature to make mechanics' and materialmen's liens superior to all other claimants except those enumerated. The present attachment lien is clearly not within any of the phrases of the statute.

The word "lien" is a generic term and, standing alone, includes liens acquired by contract or by operation of law, but the context of the present Act clearly indicates that it relates solely to a contractual lien, which is one arising out of a deliberate agreement between competent parties to place some particular property in lien to secure an indebtedness, and not a statutory lien which is a remedy given by law to secure the preference provided therein, but which does not exist however equitable the claim may be, unless the party brings himself within the provisions of the statute and shows a substantial compliance with all of its requirements. Appellant's lien was statutory.

The statute, in giving precedence to a mortgage or other contract lien or bona fide conveyance, requires each of them to be "for value." An attachment lien for an antecedent debt is not given for value within the meaning of the Act. Kentucky Lumber & Millwork Company v. Kentucky Title & Savings Bank Company, 184 Ky. 244, 211 S.W. 765, 5 A.L.R. 391. There is no decision of the Kentucky Court of Appeals passing on the precise question we have here and we have applied the rule that this court will exercise an independent judgment in determining the law with respect to the issue here presented based upon whatever principles of state law are applicable. Burns Mortgage Company v. Fried, 292 U.S. 487, 496, 54 S.Ct. 813, 78 L.Ed. 1380.

There is substantial evidence that the bankrupt was insolvent within the meaning of the Bankruptcy Act, § 1 (19), 11 U.S. C.A. § 1 (19), September 12, 1938, the date on which appellant obtained its attachment lien.

Decree affirmed.