In re APPALACHIAN ENERGY
INDUSTRIES, INC., Debtor,

TENNESSEE MACHINERY COMPANY,
INC., Plaintiff,

and

American Bank & Trust,
Plaintiff/Intervenor,

v.

APPALACHIAN ENERGY INDUS-
TRIES, INC. and John McLe-
more, Defendants,

and

John C. McLEMORE, Trustee,
Counter-Plaintiff,

v.

TENNESSEE MACHINERY COMPANY,
INC., Counter-Defendant.

Bankruptcy No. 281–03619.
Adv. No. 282–0550.

United States Bankruptcy Court,
M.D. Tennessee.

Dec. 8, 1982.

John C. McLemore, Nashville, Tenn.,
Trustee.

David W. Ledbetter, Ledbetter & Gools-
by, Cookeville, Tenn., for American Bank &
Trust.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue presented by these cross-motions for summary judgment is the order of priority of two conflicting security interests in a forklift. For the reasons stated below, the court finds that the bank's security interest in after-acquired property is superior to the unperfected purchase money security interest preserved by the trustee pursuant to 11 U.S.C.A. § 551 (West 1979).

The following constitute findings of fact and conclusions of law pursuant to Rule 752 of the Federal Rules of Bankruptcy Procedure.

The facts are not in dispute. On September 21, 1981, the American Bank & Trust Co. ("bank") perfected a security interest in all "machinery, equipment, furniture and fixtures ... now owned and hereafter acquired" by Appalachian Energy Industries, Inc. ("debtor"). On September 25, 1981, Tennessee Machinery Company sold a forklift to the debtor subject to a purchase money security interest. On October 20, 1981, Tennessee Machinery attempted to perfect its purchase money security interest by recording a UCC–1 with the Secretary of State. The parties stipulated that the UCC–1 filing was invalid, apparently because it fell beyond the 20 days established by Tenn.Code Ann. § 47–9–312 (1980)[1] and because the filing incorrectly identified the debtor. The debtor filed bankruptcy on November 13, 1981. The trustee brought suit to avoid the unperfected lien of Tennessee Machinery. The bank intervened asserting a superior interest in the forklift. Tennessee Machinery surrendered the forklift to the trustee and it is stipulated that the trustee could have avoided Tennessee Machinery's security interest pursuant to

§ 544 or § 547 of the Bankruptcy Code. The bank and the trustee filed cross-motions for summary judgment asking the court to order the priority of their respective interests in the forklift.

The bank contends that its perfected security interest in after acquired property gives it superior rights in the forklift. The trustee counters that he is entitled to preserve the purchase money security interest of Tennessee Machinery in favor of the estate pursuant to 11 U.S.C.A. § 551 (West 1979).[2] The bank argues that the trustee cannot acquire through lien avoidance rights in the forklift superior to the rights of the original lienholder. The bank contends that because Tennessee Machinery merely held an unperfected purchase money security interest in a forklift, the trustee acquired nothing more than an unperfected purchase money security interest in the forklift. The trustee responds that the language of § 551 allows the trustee to "preserve" a transfer of property in favor of the estate even where the transfer was not properly perfected if other lienors have not successfully set aside the avoidable lien prior to bankruptcy.

The trustee correctly cites 11 U.S.C.A. § 551 (West 1979) for the proposition that a transfer avoided under § 544 or § 547 is preserved for the benefit of the estate. Section 551 is intended to prevent the windfall to junior lienors that would otherwise result when a trustee in bankruptcy successfully avoids a senior lien on property. Without the authority to preserve under § 551, the avoidance of a lien would shift rank and priorities and each junior lienor would realize an enhancement of its position. 2 Norton, Bankr.L. & Prac. § 37.01 (1981). Correspondingly, without lien pres-

---

1. Tenn.Code Ann. § 47–9–312 (1980) sets forth the priorities for conflicting security interests. Subsection (4) provides:

> A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within twenty (20) days thereafter.

2. 11 U.S.C.A. § 551 (West 1979) provides:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

ervation, the estate for whose benefit the trustee originally avoided the lien would be enriched, only if after avoiding the lien and paying all junior lienors, equity remained in the property for the estate. Junior lienors would be benefited by the actions of the trustee in situations where few equities would favor such a result.

Under the old Bankruptcy Act, lien preservation was generally available where the avoided lien was senior to one or more other liens and thus the preservation of the avoided lien would yield some practical benefit to the estate. Such an application of lien preservation was recognized in this circuit in *Egyptian Supply Co. v. Boyd,* 117 F.2d 608 (6th Cir.1941). In *Egyptian Supply,* the trustee successfully defeated the lien of an attachment creditor under § 67 of the prior Bankruptcy Act. The trustee then sought to preserve the attachment lien under § 67(a)(3) in an effort to defeat the liens of mechanics and materialmen. The latter lienors claimed that under Kentucky law their liens related back and took effect prior to the perfection of the attachment lien. Examining Kentucky law, the Sixth Circuit found that in fact the mechanics' and materialmen's liens had priority over the attachment lien. The court refused preservation of the avoided attachment lien because the bankruptcy estate could not thereby acquire superior rights in the property.

■ Under the Code, § 551 operates automatically to preserve an avoided lien.[3] A lien so preserved, however, may be of no practical value to the trustee if senior lienors remain with liens exceeding the value of the property. This is true because the Code does not change the rule established under prior law that preservation of a lien cannot enhance the priority of the avoided lien vis-a-vis competing security interests in the same property. The courts have long recognized that the trustee who avoids and then preserves the lien of a creditor cannot acquire greater rights in the property than those to which he has succeeded. *See* 4 L.

King, Collier on Bankruptcy ¶ 67.16 at 184 (14th ed. 1978). As Judge Flowers stated in *Truman v. United States (In re Tri-Sonic, Inc.),* 1 B.R. 138, 142 (Bkrtcy.N.D.Tex.1979), "preservation is pointless when the lien sought to be preserved is inferior because preservation does not enhance its status." Section 551 cannot be utilized by the trustee to cure defective liens to the detriment of other properly perfected secured creditors.

■ The court must refer to state law to determine the relative priorities of the competing liens. *Egyptian Supply Co. v. Boyd,* 117 F.2d at 611. The parties agree that the court must look to the law of Tennessee to determine the order of priorities in the instant case. The Uniform Commercial Code as adopted in the State of Tennessee mandates the conclusion that the bank has the superior lien to that of Tennessee Machinery and therefore the trustee. It is stipulated that the bank acquired and perfected a security interest in the debtor's after acquired property on September 21, 1981. Thereafter, the debtor acquired rights in a forklift and entered into a purchase money security agreement with Tennessee Machinery. However, Tennessee Machinery did not properly perfect its purchase money status. It is beyond dispute that the forklift is after-acquired property within the terms of the bank's perfected security interest. In avoiding the unperfected lien of Tennessee Machinery, the trustee preserved only such rights as Tennessee Machinery possessed in the collateral. On the facts presented, the only rights Tennessee Machinery acquired in the debtor's forklift, and thus the only rights preserved for the benefit of the estate, is a security interest junior to the bank's properly perfected security interest.

The trustee incorrectly asserts that § 551 of the Bankruptcy Code ceases to have any usefulness if the trustee is not permitted to assert the rights of the holder of a perfected purchase money security interest on the

---

**3.** Section 551 enhances prior law (*See, e.g.,* § 67(a)(3) of the former Act and Rule 611 of the Federal Rules of Bankruptcy Procedure) in that § 551 is automatic and does not require a separate proceeding to determine preservation of an avoided lien.

facts of this case. Lien preservation remains a useful tool in cases involving preferences or fraudulent conveyances and in cases where defects exist in a senior lien which can be overcome and preserved by a trustee. Nothing in this court's ruling does injury to the philosophy or practice of lien preservation under § 551 or its predecessors under the Act. As illustrated by the instant case, however, automatic lien preservation under § 551 may not always benefit the bankruptcy estate.

Accordingly, the court finds that the bank's security interest in after-acquired property of the debtor is superior to the unperfected purchase money security interest preserved by the trustee.

An appropriate order will be entered.