**Thomas P. CONNELLY, III, Plaintiff,**

v.

**MARINE MIDLAND BANK, N.A., Defendant.**

**No. Civ–85–795E.**

United States District Court, W.D. New York.

May 22, 1986.

Thomas P. Connelly, Buffalo, N.Y., for plaintiff.

John J. Hurley, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

In this action Thomas P. Connelly, III appeals from a final order of the Bankruptcy Court. The issues presented are whether the Bankruptcy Court erred in vacating a default judgment against Marine Midland Bank, N.A. ("MMB") and in finding that MMB's interest in the debtors' automobile was superior to the trustee's interest.

The essential facts are not in dispute. Mark and Dawn Gearhart, the debtors in this action, had purchased a 1983 Oldsmobile with financing from the General Motors Acceptance Corporation ("GMAC"). GMAC retained a security interest in the vehicle but failed to perfect it. Subsequent to their purchase of the vehicle, the debtors obtained a loan from MMB using the same vehicle as security. MMB timely perfected its security interest.

The debtors filed their petition pursuant to Chapter 7 of the Bankruptcy Code January 28, 1985 and Mr. Connelly was appointed trustee in bankruptcy. At the time GMAC's loan balance was approximately $7,200, MMB's loan balance was approximately $5,077.23 and the vehicle had a value of approximately $4,300.

Upon the trustee's motion pursuant to 11 U.S.C. § 363 and following a hearing held April 15, 1985, the Bankruptcy Court ruled April 22, 1985 that the trustee had a first lien in the vehicle and that the trustee was to sell the vehicle free and clear of MMB's lien with the latter attaching to any sale proceeds in excess of $7,200.

MMB had not appeared at the April 15th hearing and moved April 24th for a rehearing asserting that the earlier Order was void because the court had lacked jurisdiction over MMB. It sought an order compelling the trustee to abandon any interest in the vehicle.

The Bankruptcy Court vacated its April 22nd Order and held that MMB's security interest was superior to the trustee's interest in the vehicle. The trustee appeals from such order.

Bankruptcy Rule 7001 states that a proceeding "to determine the validity, priority, or extent of a lien or other interest in property" is an "adversary proceeding." Pursuant to Bankruptcy Rule 7003, adversary proceedings are to be commenced by the filing of a complaint.

■ In the instant case the trustee's action had been directed toward obtaining a declaration that his interest in the vehicle was superior to both liens. Such plainly required a determination of the validity, priority or extent of a lien. A holding that the trustee had a first lien could only result from a finding that his lien had priority over MMB's lien. The nature of the action was therefore adversarial and it was required that the action be so commenced. The Bankruptcy Court, therefore, did not err in vacating its April 22nd Order inasmuch as the trustee's failure thus to commence the action deprived it of jurisdiction over MMB's security interest.

Beyond such procedural questions, the trustee asserts that his interest in the vehicle is superior to that of MMB. The trustee argues that 11 U.S.C. § 551 automatically preserves for the estate the value of all security interests he avoids. In essence, he asserts that, having avoided GMAC's first-in-time but unperfected security interest, section 551 preserves for the estate the amount of the lien avoided despite MMB's perfected security interest.

Section 551's language is deceptively straightforward. It declares that "[a]ny transfer avoided under sections * * * 544, 545 * * * is preserved for the benefit of the estate." On its face the statute supports the trustee's argument that avoidance of GMAC's first-in-time security interest preserves for the estate the extent of GMAC's lien. A closer look at section 551 and a reading of the limited number of cases that have applied or construed the statute reveals that the trustee's argument fails.

■ The 1978 revisions to the Bankruptcy Code did not change the rules concerning the preservation of avoided liens other

than to make preservation automatic where preservation had previously been available only in a action separate from that to avoid a lien. *See In re Appalachian Energy Industries, Inc.,* 25 B.R. 515, 517 n.3 (Bankr.M.D.Tenn.1982). Preservation for the estate had been designed to prevent a windfall to junior lienholders which would otherwise occur when a senior lien had been avoided. *In re Tri-Sonic Inc.,* 1 B.R. 138, 142 (Bankr.N.D.Tex.1979). But preservation alone does not "enhance the status of the trustee's lien so that if [the avoided liens] would have been defeated by the junior claimants while in the hands of the lienholders, they are also vulnerable in trustee's." *Id.* at 143. The trustee's preserved lien is therefore potentially worthless when the lien avoided is inferior under state law to the lien the trustee seeks to subordinate. *See Egyptian Supply Co. v. Boyd,* 117 F.2d 608 (6th Cir.1941); *In re Appalachian Energy Industries, Inc., supra.*

In the instant case, MMB's perfected security interest had priority over GMAC's unperfected security interest. *See* section 9–312 of New York's Uniform Commercial Code. The trustee, having avoided GMAC's lien, stepped into GMAC's shoes as to its security interest. The trustee's avoidance of GMAC's lien could not have produced a windfall for MMB. The Bankruptcy Court did not err in finding that MMB's interest in the vehicle was superior to the trustee's interest.

Accordingly, the order of the Bankruptcy Court entered May 31, 1985 is hereby ORDERED affirmed.