**In re Linda M. CARVELL, Debtor.**

**Linda M. CARVELL, Plaintiff/Appellee,**

**v.**

**BANK ONE, LAFAYETTE, N.A.,
et al., Defendant/Appellant.**

**BAP No. EP 97–114.**

United States Bankruptcy Appellate Panel
of the First Circuit.

June 1, 1998.

Stanley Greenberg, Esq., Portland, ME, on brief for Appellant.

Gerald S. Cope, Esq., Portland, ME, on brief for Appellee.

Before QUEENAN, HILLMAN and VAUGHN, Bankruptcy Judges.

QUEENAN, Bankruptcy Judge.

Section 551 of the Bankruptcy Code states that there is "preserved for the benefit of the estate" any transfer avoided under the estate representative's various avoidance powers, including the representative's powers under section 544(a), the so-called "strong arm clause." 11 U.S.C. § 551 (1994). This appeal presents the question whether such preservation grants the estate priority over other liens even though under state law the other liens have priority over the avoided lien. We hold it does not.

Linda M. Carvell (the "Debtor"), as debtor in possession, has commenced this action seeking (i) to avoid and preserve for the bankruptcy estate the judicial lien of Jack Keenan Marsh ("Marsh") and (ii) to have the Marsh lien declared senior to other judicial liens. Bank One, Lafayette, N.A. (the "Bank") appeals from the order of the Bankruptcy Court for the District of Maine which (i) avoided and preserved the Marsh lien and (ii) denied the Bank's motion for summary judgment on its cross-claims and counterclaim. The facts are stipulated.

At the time of her 1996 chapter 11 filing, the Debtor owned jointly with her mother a

heavily encumbered home at 75 Garfield Street, Saco, York County, Maine. The home, whose fair market value is $110,000, is subject to a valid first mortgage with a balance of $83,344.76. Junior to the first mortgage are the following asserted judicial liens, each of which were timely recorded with the York County Registry of Deeds in the year indicated:

(i) 1991 Marsh execution lien in the sum of $19,105.89;

(ii) 1992 execution lien of Paul P.Columbo, d/b/a PC2 & Associates ("Columbo") in the sum of $2,060.85;

(iii) 1993 execution lien of the Bank in the sum of $13,016.22;

(iv) 1994 execution lien of J.W.P. Telecom, Inc. ("J.W.P.") in the sum of $1,572.75;

(v) 1995 execution lien of 267 Foreside Associates ("Foreside") in the sum of $15,679.65.

The parties agree that the Marsh execution lien, although timely recorded, is defective. Under Maine law, unless within twenty days after the recording of its execution a creditor gives its debtor a statutorily prescribed notice of the lien, the lien "becomes void and loses its status as a perfected security interest with respect to the right, title and interest of any particular judgment debtor and with respect to any other creditors of the judgment debtor ...." Me.Rev.Stat. Ann. tit. 14, § 4651–A (West 1997).[1] Marsh did not give the Debtor the required notice. The other lienors, including the Bank, did give the notice.

The Debtor's complaint joined as defendants all the recorded lienors. The Bank filed cross-claims and a counterclaim requesting a declaration that its lien enjoys priority over the Marsh lien and the liens asserted by J.W.P. and Foreside.[2] The Bank concedes it is junior to the Columbo lien. The Debtor moved for summary judgment, requesting avoidance of the Marsh lien, preservation of that lien for the benefit of the bankruptcy estate, and a declaration that the other asserted liens are void. In its response the Bank requested summary judgment on its cross-claims and counterclaim.

The bankruptcy court denied the Bank's motion, declaring the Marsh lien avoided and preserved for the benefit of the bankruptcy estate. Although its order contains no express declaration that the Marsh lien has priority over the other liens, the court's denial of the Bank's motion is an implied declaration of such priority.

In both her complaint and summary judgment motion the Debtor asks only in a general way for avoidance of the Marsh lien, without specifying whether she is relying upon either or both of sections 541 or 544(a) of the Bankruptcy Code. Because title 14, section 4651–A of the Maine Revised Statutes gives rights to both a debtor and other creditors for failure of a creditor to give the notice, the Debtor as debtor in possession may proceed under either section. Her prepetition rights under the Maine statute are intangible property interests passing to the bankruptcy estate as "interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1994). And as debtor in possession the Debtor enjoys the powers of a judicial lien creditor (as well as a bona fide purchaser of real property). 11 U.S.C. § 544(a) (1994). But if the Debtor seeks to preserve the lien for the benefit of the bankruptcy estate, the exercise of her section 541 prerogatives are not sufficient. In preserving avoided liens, section 551 refers to liens avoided under section 544, with no mention of section 541.[3] Under principles of notice

---

1. This is the statute's wording as it was amended by Chapter 20 of Public Law 1997, effective June 26, 1997. The amendment added the phrases "and loses its status as a perfected security interest" and "and with respect to any other creditors of the judgment debtor." Thus neither phrase appeared in the statute prior to the Debtor's bankruptcy filing. However, the statement of fact accompanying the amendment states it is a "clarification" of existing law rather than a change. We therefore treat the amendment as a clarification. The Debtor does not contend otherwise.

2. J.W.P. failed to answer and was defaulted.

3. Section 551 reads as follows: "Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under

pleading we treat the complaint as an exercise of the Debtor's section 544(a) rights, as did the bankruptcy judge.

■ The Debtor contends the other liens are junior to the Marsh lien because the Marsh lien was on record when they were recorded. We disagree. Section 4651–A declares the Marsh execution lien void in the absence of the prescribed notice. True, the version of the statute in effect at the relevant time states that lack of notice makes the lien "void ... with respect to the right, title and interest of any particular judgment debtor," without the language of the 1997 amendment adding "and with respect to any other creditors of the judgment debtor...." But if the lien is void as to the debtor, other lienors necessarily have priority over it. And, as mentioned, legislative history indicates the amendment was not intended to effect any substantive change. In short, the Marsh lien is junior to the liens of the Bank and the other creditors.

■ Section 551 does not change this. It merely states that a lien avoided under section 544 (and the other enumerated sections) is "preserved for the benefit of the estate...." Preservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance (or detract from) the rights of that creditor viz-a-viz other creditors. This is the holding of all decisions to which we have been directed. *See, e.g., C & C Co. v. Seattle–First Nat'l Bank (In re Coal–X Ltd., "76"),* 103 B.R. 276 (D.Utah 1986) (avoided and preserved landlord's lien retains its relative priority), *rev'd on other grounds,* 881 F.2d 865 (10th Cir.1989); *Connelly v. Marine Midland Bank, N.A.,* 61 B.R. 748 (W.D.N.Y. 1986) (in avoiding and preserving creditor's unperfected security interest trustee steps into shoes of that creditor and is junior to later perfected security interest); *In re De-Lancey,* 94 B.R. 311 (Bankr.S.D.N.Y.1988) (avoidance under section 544 and preservation of unperfected attachment lien gives trustee no priority over later perfected lien); *Tennessee Mach. Co. v. Appalachian Energy Indus., Inc. (In re Appalachian Energy In-*

*dus., Inc.),* 25 B.R. 515 (Bankr.M.D.Tenn. 1982) (unperfected and preserved lien remains junior to later perfected lien). *See also Retail Clerks Welfare Trust v. McCarty (In re Van De Kamp's Dutch Bakeries),* 908 F.2d 517 (9th Cir.1990) (security interest avoided as a fraudulent transfer and preserved by trustee remains senior to later perfected lien even though later lienholder might also have been successful in avoiding security interest as a fraudulent transfer).

The bankruptcy judge's reasoning does not appear to be inconsistent with this. His decision accompanying the order states only that the avoided lien is preserved for the estate pursuant to section 551. As authority he cites his prior decision in *Foley v. Peoples Heritage Bank (In re Foley),* 1994 WL 178150 (Bankr.D.Me.1994), *aff'd,* No. 94–178–P–C (D.Me. Jan. 19, 1995). *Foley* involved no question of priority, only lien preservation.

■ Section 551 therefore accomplishes nothing for the bankruptcy estate in circumstances such as those here. This case is quite different from, for example, the case where a perfected lien is avoided as a preference and there are other perfected liens which are junior to the avoided lien. In that situation, without preservation of the avoided lien, avoidance benefits only the junior lienors. That would be a windfall for them because it gives them a benefit they could not obtain outside of bankruptcy. *See* H.R.Rep. No. 95–595, at 376 (1977) (section 551 "prevents junior lienors from improving their position at the expense of the estate when a senior lien is avoided."); S.Rep. No. 95–989, at 91 (1978) (same).

The judgment of the bankruptcy court is vacated. The bankruptcy court shall enter judgment declaring the Marsh lien void and the other liens (except the lien of J.W.P.) valid with a priority in accordance with their chronology. The default of J.W.P. remains unaffected by this appeal.

section 506(d) of this title, is preserved for the benefit of the estate but only with respect to

property of the estate." 11 U.S.C. § 551 (1994).