908 F.2d 517
 59 USLW 2074, 20 Bankr.Ct.Dec. 1228,
Bankr. L. Rep. P 73,525
 In re VAN DE KAMP'S DUTCH BAKERIES, Debtor.
The RETAIL CLERKS WELFARE TRUST; Retail Clerks Pension Fund
and Washington Bakers Welfare Trust, Plaintiffs-Appellants,
v.
Michael McCARTY, Trustee; Donald L. Rudd and Rosemary Rudd,
Defendants-Appellees.
 No. 88-4053.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1989.
Decided July 16, 1990.
 
 Kirk McKenzie, Donaldson & Kiel, Seattle, Wash., for plaintiffs-appellants.
 Alan Wenokur, Erickson & Groshong, Seattle, Wash., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Washington.
 Before NELSON, BOOCHEVER and TROTT, Circuit Judges.
 TROTT, Circuit Judge:
 
 
 1
 In this bankruptcy action, the district court upheld a Chapter 7 trustee's avoidance of a transfer and preservation of the interest for the benefit of the bankrupt's estate. In doing so, the court rejected appellants' arguments that a transfer that could have been avoided by a competing lienholder in a separate, prepetition state court action should not be susceptible to preservation under 11 U.S.C. Sec. 551 (1988). We have jurisdiction under 28 U.S.C. Sec. 158(d) (1982 & Supp. V 1987), and we affirm.
 
 BACKGROUND
 
 2
 In January, 1985, Donald Rudd, President of Van De Kamp's Dutch Bakeries, Inc. ("VDK") sold his interest in VDK to Arctic Star, Inc. ("ASI"). ASI paid Rudd $50,000 and assumed a $300,000 promissory note previously executed by Rudd to Universal Services, Inc. ("USI"). VDK then executed a security agreement in favor of Rudd to secure payment of ASI's obligation to USI. A financing statement was filed with the Washington Department of Licensing.
 
 
 3
 In May, 1985, appellants, the Retail Clerks Welfare Trust, Retail Clerks Pension Fund, and Washington Bakers Welfare Trust (hereinafter collectively referred to as the "Trusts") recorded a lien for unpaid benefit contributions. Subsequent lien notices were filed in May, June, and August of 1985. VDK filed a petition under Chapter 11 of the Bankruptcy Code in June of 1985.[1]
 
 
 4
 In an adversary proceeding initiated by the Trusts, the bankruptcy court found that the Trusts' liens could be avoided under 11 U.S.C. Sec. 545(2) (1988). The court subsequently denied the Trusts' motion for reconsideration, and concluded that the trustee could avoid the transfer of the security interest from VDK to Rudd as a fraudulent conveyance under 11 U.S.C. Sec. 548 (1988) and then preserve that interest for the benefit of the bankrupt's estate pursuant to 11 U.S.C. Sec. 551.
 
 
 5
 The district court affirmed the bankruptcy court's finding that the trustee could avoid and preserve the transfer. The court also found that the avoided interest was not an "allowed claim" and thus could not be equitably subordinated pursuant to 11 U.S.C. Sec. 510(c) (1988).
 
 ANALYSIS
 I Standard of Review
 
 6
 In reviewing a district court's disposition of a bankruptcy court's final order, we essentially assume the district court's role and evaluate the bankruptcy court's decision. In re Global W. Dev. Corp., 759 F.2d 724, 726 (9th Cir.1985). We review the bankruptcy court's findings of fact under the "clearly erroneous" standard and its conclusions of law de novo. Id.
 
 II Preservation Under Section 551
 
 7
 Appellants do not contest the trustee's ability to avoid the fraudulent transfer under 11 U.S.C. Sec. 548. Rather, they claim that the trustee can preserve the transfer under 11 U.S.C. Sec. 551 "only to the extent that the interest is otherwise valid under state law." They argue that, since a competing creditor could have avoided Rudd's interest in a prepetition state court proceeding, the interest should not be susceptible to preservation under section 551. Appellees respond that nothing in the language of section 551, its legislative history, or the relevant case law supports appellants' attempt to distinguish between avoided interests which would have been found valid in a prepetition state court proceeding and those which would have been declared invalid in such a proceeding.
 
 Section 551 provides that:
 
 8
 Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.
 
 
 9
 11 U.S.C. Sec. 551.
 
 The legislative history notes that:
 
 10
 This section is a change from present law. It specifies that any avoided transfer is automatically preserved for the benefit of the estate. Under current law, the court must determine whether or not the transfer should be preserved. The operation of the section is automatic, unlike current law, even though preservation may not benefit the estate in every instance.... The section as a whole prevents junior lienors from improving their position at the expense of the estate when a senior lien is avoided.
 
 
 11
 S.Rep. No. 989, 95th Cong., 2d Sess. 91 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5877. As one court has noted, the purpose of the section is "to allow a trustee in bankruptcy, upon avoidance of certain preferential or fraudulent transfers, to increase the assets of the bankruptcy estate." In re Barry, 31 B.R. 683, 686 (S.D.Ohio 1983).
 
 
 12
 Appellants correctly note that the court must refer to state law to determine the relative priorities of competing liens. See In re Appalachian Energy Indus., 25 B.R. 515, 517 (M.D.Tenn.1982). In the present case, however, state law works against rather than for appellants. Under Washington's Uniform Commercial Code, conflicting perfected security interests rank according to priority in time of filing or perfection. Wash.Rev.Code Ann. Sec. 62A.9-312(5) (West Supp.1989).
 
 
 13
 Appellants do not dispute that the avoided interest was properly perfected prior in time to the asserted perfection of their lien. Under Washington law, a fraudulent conveyance is good as between the parties and passes title. Preston-Parton Milling Co. v. Dexter Horton & Co., 22 Wash. 236, 60 P. 412 (1900). Appellants could have brought an action in state court prior to the commencement of the bankruptcy action to avoid the fraudulent transfer but chose not to do so. Now they ask this court to determine how such an action would have concluded, and to grant them a status they might have attained absent the bankruptcy proceedings. This we cannot do.
 
 
 14
 Neither the text of section 551 nor its legislative history gives any indication that the court should engage in an examination of how competing interests might have fared in a prepetition state court action. Indeed, as noted above, the legislative history stresses the automatic nature of preservation under section 551. See also Chobot, Preserving Liens Avoided in Bankruptcy--Limitations and Applications, 62 Am.Bankr.L.J. 149, 149 (1988) (describing section 551 as "self-executing"). This represents a distinct change from former law which required an adversary proceeding to "determine ... whether the transfer shall be avoided only or shall be preserved for the benefit of the estate." Chobot, supra, at 149-50 (quoting former Bankruptcy Rule 611). Similarly, the language of the statute provides no basis for excluding interests which might have been avoided in prepetition state court actions. In fact, the statute purportedly applies to "any" transfer of an interest avoided under the designated sections. Under the Trusts' theory, a potentially large number of fraudulent conveyances--those that would be avoidable under state law--would be ineligible for preservation under section 551.
 
 
 15
 The cases cited by the Trusts do not bolster their position, but serve only to demonstrate the well-established principle that a trustee who avoids an interest succeeds to the priority that interest enjoyed over competing interests.[2] The trustee does not contest this proposition.
 
 
 16
 The Trusts note one court's observation that "there is an element of unfairness in the result that the Trustee may have the benefit of a fraudulent transfer so as to take priority over judgment lien creditors." In re Previs, 31 B.R. 208, 211 (W.D.Wash.1983).[3] If there is any unfairness in this interpretation, however, it is a result of express statutory language, which should be remedied by the legislative, rather than the judicial branch.
 
 III Equitable Subordination
 
 17
 11 U.S.C. Sec. 510(c) provides, in pertinent part, that a court may:
 
 
 18
 (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest....
 
 
 19
 11 U.S.C. Sec. 510(c). 11 U.S.C. Sec. 502(d) provides that, with certain exceptions not relevant here, the court "shall disallow any claim of ... a transferee of a transfer" avoidable under section 548. 11 U.S.C. Sec. 502(d) (1988).
 
 
 20
 Appellants argue that, notwithstanding the language of section 502(d), the interest has been allowed "in essence" or "for all practical purposes" by virtue of the trustee's presentation, and remains subject to subordination through equitable principles. We question whether the straightforward language of section 510 admits of such a theory of constructive allowance. Without deciding that issue, however, it is clear that there is no equitable consideration justifying subordination of the trustee's claim. It is not alleged that the trustee has been involved in any wrongdoing triggering the exercise of the court's equitable powers.
 
 IV Damages for a Frivolous Appeal
 
 21
 Federal Rule of Appellate Procedure 38 provides that:
 
 
 22
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 23
 Fed.R.App.P. 38. This court has held that "[a]n appeal is considered frivolous in this circuit when the result is obvious or the appellant's arguments of error are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir.1981) (citation omitted). Although the Trusts' arguments are not supported by an abundance of case law, they are not "wholly without merit." We thus decline to award damages.
 
 CONCLUSION
 
 24
 The language and legislative history of section 551 indicate that transfers avoided under section 548 are automatically preserved for the benefit of the bankrupt's estate, regardless of whether the interest could have been avoided by a competing creditor in a prepetition state court proceeding. Assuming, without deciding, that 11 U.S.C. Sec. 510(c) applies, there is no basis for exercising the court's equitable power to subordinate claims. As appellants' arguments are not wholly without merit, we decline to award damages. The judgment of the district court is
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 In November, 1985, this was converted to a Chapter 7 proceeding
 
 
 [2]
 See, e.g., Connelly v. Marine Midland Bank, 61 B.R. 748 (W.D.N.Y.1986) (avoided and preserved unperfected interest inferior to perfected interest); In re Woodworks Contemporary Furniture, Inc., 44 B.R. 971 (W.D.Wis.1984) (interest which was not a purchase money security interest could not be transformed into such an interest by avoidance and preservation); In re Appalachian Energy Indus., 25 B.R. 515 (M.D.Tenn.1982) (avoided and preserved unperfected interest inferior to properly perfected security interest); In re Tri-Sonic, Inc., 1 B.R. 138, 142 (N.D.Tex.1979) (preservation may be pointless where interest to be preserved is junior to competing senior interest)
 
 
 [3]
 The Previs court nevertheless believed it was "compelled" by the language of section 551 to preserve a senior interest avoided under section 548 for the benefit of the estate