**In re Catherine Z. CASS, Debtor.**

**Charles W. Daff, Chapter 7 Trustee, Plaintiff,**

**v.**

**James Wallace, Rebecca Wallace, and Gloria Suess, Defendants.**

**Bankruptcy No. 2:12–BK–16090–RK. Adversary No. 2:12–AP–01235–RK.**

United States Bankruptcy Court, C.D. California, Los Angeles Division.

Aug. 31, 2012.

---

D. Edward Hays, Marshack Hays LLP, Martina A. Slocomb, Irvine, CA, for Plaintiff.

David B. Dimitruk, Irvine, CA, for Defendants.

## MEMORANDUM DECISION RE ADVERSARY COMPLAINT AND COUNTERCLAIM

ROBERT N. KWAN, Bankruptcy Judge.

This adversary proceeding came on for trial before the undersigned United States Bankruptcy Judge on April 6, 2012. D. Edward Hays, of the law firm of Marshack Hays LLP, appeared for plaintiff and counterclaim-defendant Charles W. Daff, Chapter 7 Trustee of the bankruptcy estate of Catherine Cass. David B. Dimitruk, Attorney at Law, appeared for defendants and counterclaimants James Wallace, Rebecca Wallace and Gloria Suess.

Debtor Catherine Cass ("the Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C., on January 5, 2007, which commenced this bankruptcy case.[1] Charles Daff is the Chapter 7 Trustee of Debtor's bankruptcy estate in this case ("Trustee"). In this adversary proceeding,[2] Trustee seeks declaratory relief regarding the validity, priority, and extent of the judgment lien alleged against the estate held by Defendants James and Rebecca Wallace, and Gloria Suess ("Defendants"). Defendants are judgment creditors of the Debtor. Trustee also seeks avoidance, recovery, and preservation of any lien arising in favor of Defendants upon this court's entry of a judgment in another adversary proceeding in this bankruptcy case to set aside a fraudulent transfer as a post-petition transfer under 11 U.S.C. § 549. Defendants in their counterclaim seek declaratory and injunctive relief to compel Trustee to complete the process of selling the Debtor's residence at 2420 N. Fairmont Avenue ("the Residence") and applying the proceeds of the sale to Defendants' claims, except for those claims that are superior to Defendants' November 1, 2005 judgment lien against the Debtor. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K) and (O).

The court has set and/or conducted numerous hearings in this adversary proceeding, including status and pretrial conferences, summary judgment motion hearings and trial, on April 10, 2010, September 13, 2010, October 19, 2010, De-

1. The Debtor's bankruptcy case was originally filed in the Santa Ana Division of this court and was assigned the case number of SA 07–10031 RK Chapter 7. When the case was transferred to the Los Angeles Division, the case was renumbered as 2:12–bk–16090–RK Chapter 7.

2. This adversary proceeding was originally filed in the Santa Ana Division of this court and was assigned the case number of SA 10–01058 RK. When the case was transferred to the Los Angeles Division, the adversary proceeding was renumbered as 2:12–ap–01235–RK.

cember 7, 2010, December 21, 2010, February 9, 2011, March 2, 2011, March 16, 2011, March 18, 2012, April 6, 2012 and June 12, 2012. The parties' respective positions have been supported and opposed by extensive briefing and oral argument, and the court thereafter took the matter under submission on June 12, 2012 after the last post-trial brief was filed. The court now enters this memorandum decision setting forth its findings of fact and conclusions of law.

## FACTS

The facts in this adversary proceeding are undisputed and are established by the stipulated facts in the Joint Pretrial Order ("JPTO"), filed on November 8, 2011, and the stipulated trial exhibits, Exhibits 1–18, as described in the Joint Compendium of Exhibits Filed in Support of Joint Pretrial Order. Prior to this adversary proceeding, there were two relevant lawsuits at hand between Defendants and the Debtor. In the first lawsuit, on April 22, 2004, Defendants brought an action in the Superior Court of California for the County of Orange against the Debtor for defamation and nuisance ("the first lawsuit"), *James Wallace, et al. v. Catherine Cass*, No. 04CC05117 (Superior Court of California, County of Orange). JPTO, Undisputed Facts ¶ 1; *see also*, Exhibits 4–7. On May 28, 2004, the Debtor subsequently recorded a deed in the Orange County Recorder's Office, purporting to transfer the title of the Residence by transferring a remainder interest in the property to her daughter, Christine Zeman ("Zeman"), without consideration, and reserving a life estate for herself. JPTO, Undisputed Facts ¶ 4; Exhibit 1. On June 6, 2004, the Debtor and Zeman made an agreement regarding the deed whereby Zeman promised to transfer the property back to the Debtor upon request. JPTO, Undisputed Facts ¶ 5; Exhibit 2. On May 6, 2005, the Debt-

or commenced a bankruptcy case by filing a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C., which stopped the trial that was scheduled for the first lawsuit in state court. JPTO, Undisputed Facts ¶ 6; *see*, 11 U.S.C. § 301 (a voluntary bankruptcy case under a chapter of the Bankruptcy Code commences upon filing a petition under such chapter and constitutes an order for relief); 11 U.S.C. § 362(a)(1) (automatic stay on litigation to collect a prepetition debt arises upon filing of a bankruptcy petition under § 301). On July 7, 2005, this court by the Honorable James N. Barr, United States Bankruptcy Judge, dismissed Debtor's Chapter 13 bankruptcy case from this petition as a bad faith filing. JPTO, Undisputed Facts ¶ 7.

Immediately thereafter, on July 8, 2005, Defendants filed a second lawsuit in the Superior Court against the Debtor and Zeman, to, among other things, set aside the transfer of the Residence as a fraudulent transfer ("the second lawsuit"), *James Wallace, et al. v. Catherine Cass, et al.*, No. 05CC08034 (Superior Court of California, County of Orange). JPTO, Undisputed Facts ¶ 8. A copy of the complaint in the second lawsuit, the fraudulent transfer action, was received into evidence as Exhibit 3. Meanwhile, the first lawsuit proceeded to trial in September 2005. JPTO, Undisputed Facts ¶ 9. On October 28, 2005, in the first lawsuit, the Superior Court entered a $320,000 judgment (which included an award of $75,000 in punitive damages) in favor of Defendants. JPTO, Undisputed Facts ¶ 10. A copy of the judgment in the first lawsuit was received into evidence as Exhibit 5. In this judgment, the Superior Court found that the Debtor's transfer of the Residence was for the purpose of avoiding having to pay Defendants and therefore, the Superior Court imposed punitive damages against the

Debtor. JPTO, Undisputed Facts ¶ 10; Exhibit 5. Defendants subsequently recorded an abstract of that judgment in the Orange County Recorder's Office on November 1, 2005, which is at issue in the instant adversary proceeding. JPTO, Undisputed Facts ¶ 11. A copy of the recorded abstract of judgment in the first lawsuit was received into evidence as Exhibit 6.

On December 20, 2005, the Debtor filed a Notice of Appeal from the judgment entered against her in the first lawsuit. JPTO, Undisputed Facts ¶ 12. On January 5, 2007, the Debtor filed a voluntary Chapter 7 bankruptcy petition and, pursuant to 11 U.S.C. § 362, the trial in the second lawsuit and appeal in the first lawsuit were stayed. JPTO, Undisputed Facts ¶ 14. On April 5, 2007, Trustee of the Debtor's bankruptcy estate substituted in the second lawsuit, the fraudulent transfer action, as the real party-in-interest. JPTO, Undisputed Facts ¶ 17. On April 5, 2007, Trustee removed the second lawsuit, the fraudulent transfer action, from the Superior Court to this bankruptcy court, *Charles W. Daff, et al. v. Catherine Cass,* No. SA 07–10031 RK Chapter 7; Adv. No. SA 07–01099 RK (Bankr.C.D.Cal.). JPTO, Undisputed Facts ¶ 18.

On July 3, 2007, this court in the removed second lawsuit—the fraudulent transfer action—entered an order suspending all bankruptcy matters pending outcome of the Debtor's appeal from the judgment entered against her in the first lawsuit, the defamation and nuisance action. JPTO, Undisputed Facts ¶ 20. A copy of this order was received into evidence as Exhibit 11. By order entered on August 14, 2007, Defendants obtained relief from the automatic stay so that the Debtor's appeal could be determined.

On March 10, 2008, the California Court of Appeal, Fourth District, Division Three, affirmed the judgment awarding damages in favor of Defendants in the first lawsuit,

the defamation and nuisance action. JPTO, Undisputed Facts ¶ 21; Exhibit 12. A copy of the Court of Appeal's opinion in the first lawsuit was received into evidence as Exhibit 12.

On May 28, 2008, a Stipulation for Entry of Judgment Avoiding and Recovering Transfer of Real Property ("the Stipulation") was filed in the second lawsuit, the fraudulent transfer action, whereby Trustee, Defendants, and the Debtor's daughter, Zeman, agreed that the title that was purportedly conveyed to Zeman by the Debtor was a fraudulent transfer and should be set aside. Exhibit 10. On May 29, 2008, a Separate Judgment Pursuant to Stipulation Avoiding and Recovering Transfer of Real Property ("the Separate Judgment") was entered whereby this court approved the Stipulation and ordered that the transfer was "hereby avoided and set aside under California Civil Code §§ 3439.04 and 3439.07." JPTO, Undisputed Facts ¶ 22. A copy of the Separate Judgment was received into evidence as Exhibit 13. The Separate Judgment provided that all legal title is "recovered by, awarded to, and vested in ... [Trustee] for the benefit of the ... bankruptcy estate pursuant to 11 U.S.C. § 550." JPTO, Undisputed Facts ¶ 22; Exhibit 13.

On June 2, 2008, the Debtor subsequently appealed this court's approval of the Stipulation and the Separate Judgment in the second lawsuit, the fraudulent transfer action, to the Bankruptcy Appellate Panel of the Ninth Circuit. JPTO, Undisputed Facts ¶ 24. The Debtor also filed a petition for review of the judgment in the first lawsuit, the defamation and nuisance action, with the California Supreme Court, which denied review on June 11, 2008. JPTO, Undisputed Facts ¶ 26.

On June 27, 2008, this court entered an order determining that the Stipulation and the Separate Judgment in the second lawsuit were between Trustee, Defendants

and the daughter, Zeman, and not the Debtor, and therefore, that the "Debtor's rights are not prejudiced by the entry of the Stipulation [and that] Debtor still retains her rights to defend in this case and all enforcement actions by the Trustee are suspended until all of Debtor's state court appeals are resolved." JPTO, Undisputed Facts ¶ 27. A copy of this order was received into evidence as Exhibit 14.

The Debtor died on February 7, 2009. JPTO, Undisputed Facts ¶ 28. On June 11, 2009, the Bankruptcy Appellate Panel dismissed the Debtor's appeal of the Stipulation and the Separate Judgment in the second lawsuit, the fraudulent transfer action. JPTO, Undisputed Facts ¶ 29. After the Debtor's death, Zeman as the administrator of the Debtor's probate estate was substituted for Debtor in the second lawsuit, and by stipulation and order entered on December 7, 2011, the court ordered the dismissal of Debtor's probate estate as a party defendant without prejudice.

On December 19, 2011, Trustee and Defendants filed their stipulation for dismissal of the remaining claims in the second lawsuit, the removed fraudulent transfer action. The stipulation provided:

1.  All remaining claims in this Adversary Proceeding shall be dismissed without prejudice so that the remaining claims between the Trustee and the Judgment Creditors [Defendants] may be adjudicated in the Declaratory Relief Adversary, *Daff v. Wallace, et al.*, Adversary Case No. 8:10–ap–1058–RK;

2.  The dismissal of this Adversary Proceeding Case No. 8:07–ap–1099–RK shall not give rise to any adverse legal or other effect on any party or issue to be determined in Adversary Case No. 8:10–ap–01058–RK; . . . .

By order entered on December 20, 2011, the court approved this stipulation of Trustee and Defendants for dismissal of all remaining claims in the second lawsuit, the fraudulent transfer action, without prejudice.

### ANALYSIS

This dispute between the parties in this adversary proceeding is whether Defendants' judgment lien—perfected under state law after the Debtor made a fraudulent transfer of the Residence—attached to the property. To resolve this dispute, the court must address questions of California law of: (1) whether the judgment lien attached to an interest of the Debtor in the Residence; and (2) whether a fraudulent transfer is deemed "void" or "voidable." In answering these questions, the court finds as a factual matter that Debtor had an equitable interest in the Residence after she made the fraudulent transfer of the property and holds that whether Defendants recorded their abstract of judgment, they perfected a judgment lien under applicable state law which attached to Debtor's equitable interest in the Residence. This result obtains whether a fraudulent transfer is void *ab initio* or voidable under state law. Nevertheless, the court holds that under California law, a fraudulent transfer is void *ab initio*, except to the extent that the California legislature has made it voidable under the California Uniform Fraudulent Transfer Act for good faith purchasers for value. Based on the foregoing, the court will deny relief sought by Trustee and will enter judgment for Defendants.

### I. The Parties' Stipulation and "Separate Judgment" Do Not Preclude Litigation of Defendants' Claims that Their Judgment Lien Attached to Debtor's Residence or that the Transfer was Void Ab Initio

In the second lawsuit, Trustee, Defendants and Zeman executed the Stipulation

for Entry of Judgment Avoiding and Recovering Transfer of Real Property, which resulted in the entry of the Separate Judgment by this court on May 29, 2008. Exhibits 10 and 13. Trustee argues that based on the Stipulation and the Separate Judgment, Defendants are now barred from relitigating whether Defendants' judgment lien attached to Debtor's interest in the Residence or Debtor's fraudulent transfer of the Residence was void *ab initio* under several theories: claim preclusion, issue preclusion, the election of remedies doctrine, and judicial estoppel.

### A. Claim Preclusion

The Stipulation for Judgment in the fraudulent transfer action was entered on May 29, 2008 between Trustee, Defendants and Zeman. Exhibit 10. Pursuant to the Stipulation, the Separate Judgment was entered on May 29, 2008. Exhibit 13. The Separate Judgment provided that "the transfer made by [the Debtor] to Christine Zeman ... is hereby avoided and set aside." *Id.* Further, the Separate Judgment provided that "all legal title to, and beneficial interest in, [the Residence] ... is recovered by, awarded to, and vested in the name of [Trustee]." *Id.*

Trustee contends that since this court has already adjudicated that the transfer occurred, Defendants are barred by claim and issue preclusion from relitigating whether the judgment lien attached to the Residence or whether the transfer was void *ab initio*. The parties dispute whether the court should look to state or federal law to determine the preclusive effect of the Separate Judgment.

■ As stated above, the Separate Judgment was entered by this court after the action was removed from the California state court. "The preclusive effect of a federal court judgment is determined by federal common law, but the rule of decision differs depending upon whether the federal court's jurisdiction over the issue was based on diversity or federal question." *Halliburton Energy Services, Inc. v. McVay (In re McVay)*, 461 B.R. 735, 741 (Bankr.C.D.Ill.2012), citing *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). "Under federal common law, a federal diversity judgment is to be accorded the same preclusive effect that would be applied by the state courts in the state in which the federal diversity court sits." *Id.*, citing *Semtek International, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).

■ Just as a district court may adjudicate state law matters that have been removed pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction, a bankruptcy court may adjudicate state law matters that have been removed pursuant to 28 U.S.C. § 1452. Similar to a district court exercising its diversity jurisdiction over a removed matter, a bankruptcy court may adjudicate certain state law matters. *Compare* 28 U.S.C. § 1332 *with* 28 U.S.C. §§ 157 and 1334. The court sees no reason why the *Semtek* holding should not extend to cases in which a court's jurisdiction is governed by § 1334. Thus, the court must apply the elements of claim preclusion as defined by California law.

■■ Claim preclusion, or res judicata, "bars relitigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them." *Citizens for Open Government v. City of Lodi*, 205 Cal.App.4th 296, 324, 140 Cal.Rptr.3d 459 (2012) (citation omitted). To apply, there must be (1) a final judgment on the merits of an action, (2) the second suit must be between the same parties or parties in privity with them, and (3) the second suit

must raise the same claim that was raised in the first action. *Id.* (citation omitted).

The first element for claim preclusion that there was a final judgment on the merits of the earlier lawsuit is met. In the removed fraudulent transfer action, Adv. No. SA 07–01099 RK, this court entered the Separate Judgment pursuant to the parties' Stipulation for Entry of Judgment Avoiding and Recovering Transfer of Real Property. Exhibits 10 and 13. The Separate Judgment became a final judgment when the remaining claims in the removed fraudulent transfer action, the second lawsuit, were dismissed by stipulation and order on December 20, 2011. Fed. R. Bankr.P. 7054(a), incorporating by reference, Fed.R.Civ.P. 54(a)-(c) (see especially Fed.R.Civ.P. 54(b) governing a judgment on *multiple claims or involving multiple parties*: in this case, the Separate Judgment did not become final until all of the claims and rights and liabilities of all of the parties were resolved since the court did not expressly determine that there was no just reason for delay of entry of the Stipulated Judgment as a final judgment as to some, but not all, of the claims or parties in the adversary proceeding).

The second element for claim preclusion that the subsequent lawsuit must be between the same parties and parties in privity with them is met. The parties in the earlier lawsuit (the removed fraudulent transfer lawsuit, or defendant's second lawsuit against the Debtor) were Trustee, Defendants, and Zeman. *Id.* The parties in the subsequent lawsuit (i.e., the instant adversary proceeding) were Trustee and Defendants. Thus, the same parties are involved in both lawsuits, Trustee and Defendants.

■ However, the third element for claim preclusion, that the subsequent lawsuit must raise the same claim that was raised in the earlier lawsuit, is not met.

In the earlier lawsuit, Defendants alleged claims to avoid and set aside the fraudulent transfer and for attachment (or other provisional remedies) against the Debtor's property. Exhibit 3. (The prayer for relief in Defendants' Complaint in the second lawsuit, the fraudulent transfer action, makes it clear that they were asserting multiple claims to set aside a fraudulent transfer and for attachment of their lien. *Id.* at 8–9.) Only the Defendants' fraudulent transfer avoidance claim was decided in the prior lawsuit by the Separate Judgment in that action. Defendants' remaining claims, including their attachment claim, were not decided in that lawsuit because those claims were dismissed without prejudice by the order approving the stipulation for dismissal of the second lawsuit on December 20, 2011.

In their answer in this adversary proceeding, filed on March 3, 2010, Defendants have raised as a defense to Trustee's adversary Complaint for (1) Declaratory Relief re: Validity, Priority and Extent of Alleged Judgment Lien, and (2) Avoidance, Recovery and Preservation of Unauthorized Post–Petition Transfer, filed on January 27, 2010, that the fraudulent transfer from Debtor to Zeman was void and that their judgment lien attached to Debtor's property. Answer, filed on March 3, 2010, at 4–5. In their Counterclaim, filed on March 3, 2010, Defendant also alleged a claim for declaratory relief that the fraudulent transfer from Debtor to Zeman was void and that their judgment lien attached to Debtor's property. Counterclaim, filed on March 3, 2010, at 6–8.

The Separate Judgment in the earlier lawsuit, the fraudulent transfer action, did not adjudicate the claims at issue in this action. Specifically, the Separate Judgment did not address, let alone adjudicate, (1) whether the judgment lien from the recorded abstract of judgment attached to

the Debtor's property, (2) whether the judgment lien is superior to Trustee's interests, or (3) whether the transfer from the Debtor to Zeman was void or voidable. The Separate Judgment did not state that Defendants lost their rights to their claims for declaratory and injunctive relief as such other claims were expressly dismissed without prejudice. But perhaps more significantly, Defendants had already perfected their judgment lien under applicable state law by recording the abstract of judgment and did not need to bring a separate claim to perfect their lien. California Code of Civil Procedure § 697.310(a). Because the Separate Judgment did not adjudicate all of Defendants' claims in the second lawsuit, the Separate Judgment does not end the action as to Defendants' claims in this adversary proceeding, and Defendants may defend their judgment lien in this adversary proceeding. Indeed, Trustee and Defendants expressly acknowledged the right of Defendants to litigate their other claims raised in the earlier lawsuit, the fraudulent transfer action, in their stipulation in that lawsuit that such claims would be dismissed without prejudice so those claims can be adjudicated in this instant lawsuit and that the dismissal of that lawsuit, i.e., the final judgment in that lawsuit, "shall not give rise to any adverse legal or other effect on any party or issue to be determined in Adversary Case No. 8:10–ap–01058–RK" (i.e., this instant lawsuit now renumbered 2:12–ap–01235 RK). Therefore, the court holds that Defendants' claims are not barred by claim preclusion.

### B. Issue Preclusion

■ Just as for claim preclusion, the court must apply the elements of issue preclusion as defined by California law. *In re McVay*, 461 B.R. at 741. Issue preclusion, or collateral estoppel, "precludes relitigation of issues argued and

decided in prior proceedings." *Lucido v. Superior Court*, 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990). To apply, the party asserting issue preclusion bears the burden of establishing the following five requirements: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding, (2) this issue must have been actually litigated in the former proceeding, (3) it must have been necessarily decided in the former proceeding, (4) the decision in the former proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Id.*

■ For the reasons stated above, the Separate Judgment in the earlier lawsuit, the fraudulent transfer action, did not adjudicate the issues relating to Defendants' claims of whether the judgment lien from the recorded abstract of judgment in the defamation and nuisance action attached to the Debtor's property, whether the judgment lien is superior to Trustee's interests and whether the fraudulent transfer from Debtor to Zeman was void. As discussed above, Trustee specifically stipulated that such claims were dismissed without prejudice in that lawsuit so that such claims can be adjudicated in this lawsuit and that the dismissal of the claims from that lawsuit "shall not give rise to any adverse legal or other effect on any party or issue" to be determined in this lawsuit. *See* Stipulation for Dismissal of Adversary Proceeding, Case No. 8:07–ap–01099–RK, filed on December 19, 2011. Thus, Trustee has not met his burden of establishing by a preponderance of the evidence that the elements for issue preclusion that the issue was actually and necessarily decided in the

prior litigation have been met.[3] Therefore, the court holds that Defendants' claims are not barred by issue preclusion.

## C. Election of Remedies and Judicial Estoppel

Trustee argues that under the election of remedies doctrine, Defendants are barred from seeking a remedy of voidness given their previous election to stipulate to entry of the Separate Judgment in the earlier lawsuit, the removed fraudulent transfer action. Similarly, Trustee also argues that Defendants are judicially estopped from arguing that the transfer was ineffective or void *ab initio* by their judicial admissions that the fraudulent transfer occurred.

Defendants oppose both of Trustee's arguments by contending that there is nothing clearly inconsistent about their positions. Defendants argue that the remedy they sought in the Stipulation was to subject their claim to the actual ownership of the Residence. *See Kinney v. Vallentyne,* 15 Cal.3d 475, 479 n. 6, 124 Cal.Rptr. 897, 541 P.2d 537 (1975) ("If the transfer is in fraud of the creditor, the creditor may follow the property into the hands of the transferee even if the transfer took place before the [judgment] lien attached.").

■■■ The doctrine of election of remedies prevents a party from obtaining double redress for a single wrong. *Latman v. Burdette,* 366 F.3d 774, 781 (9th Cir.2004). The doctrine "refers to situations where an individual pursues remedies that are legally or factually inconsistent."

*Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). As a general rule, three elements must be present for a party to be bound to an election of remedies: (1) two or more remedies must have existed at the time of the election, (2) these remedies must be repugnant and inconsistent with each other, and (3) the party to be bound must have affirmatively chosen, or elected, between the available remedies. *Latman,* 366 F.3d at 782; *see also* 25 Am.Jur.2d *Election of Remedies* § 19 (2012) ("Under the election-of-remedies doctrine, a plaintiff is only required to elect between two remedies when those remedies are inconsistent.").

■■■ Under the theory of judicial estoppel:

> [W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*New Hampshire v. Maine,* 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), *quoting Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895).

■■■ The court concludes that Trustee's arguments fail because the remedy stipulated to by Defendants and the remedies now sought are not inconsistent. With regard to relief from fraudulent transfers, it is established that creditors may seek

---

**3.** Similarly, Trustee's contention that the court's order in this bankruptcy case denying Debtor's claimed homestead exemption in her life estate interest in the Residence precludes the Defendants from asserting that they had perfected a judgment lien based on post-transfer recordation of the abstract of judgment as a matter of issue preclusion is flawed. First, there was no judgment on the merits because the court denied the claimed exemption as moot in light of the death of the Debtor. Second, the issue of the perfection of Defendants' judgment lien was not an issue decided in the prior litigation over the claimed homestead exemption and was not actually and necessarily decided in the court's denial of the claimed homestead exemption.

multiple remedies. California Civil Code § 3439.07 provides:

> (a) In an action for relief against a transfer or obligation under this chapter, a creditor ... may obtain: (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim. (2) An attachment or other provisional remedy against the asset transferred....

According to the Legislative Committee's Comment 6 to California Civil Code, § 3439.07, "[t]he remedies specified in this section ... are cumulative." Also, as noted by a prominent treatise on the subject, "In an appropriate case, a creditor may apparently *both* sue to avoid the transfer *and* attach or execute on the transferred asset." 1 Ahart, *California Practice Guide: Enforcing Judgments and Debts*, ¶ 3:350 at 3–109 (2012), *citing* Comment 6 to California Civil Code, § 3439.07 (emphasis in original); *Id.,* ¶¶ 3:342–3:349 at 3–106–3–108.

In the second lawsuit, Defendants sought several remedies under their cause of action for relief from a fraudulent transfer. Their requests for relief included the following: (1) for an order avoiding and setting aside the transfer from Cass to Zeman and restoring title to Cass, so that the Cass Residence could be levied upon and sold in order to satisfy the plaintiffs' claims against Cass, and (2) for an attachment or other provisional remedy against the Cass residence or its proceeds. Exhibit 3, Complaint for Relief from Fraudulent Transfer at 6–7, filed on July 8, 2005.

In the Stipulation entered on May 29, 2008, Defendants, Trustee, and Zeman agreed to "avoid[ ] the Transfer and recover[ ] the Property for the benefit of the Estate...." Thus, the Separate Judgment based on the Stipulation did not address the claims whether the Defendants' judgment lien—resulting from the recorded abstract of judgment in their first lawsuit against Debtor for defamation and nuisance—attached to the Debtor's property, (2) whether the judgment lien is superior to Trustee's interests, or (3) whether the transfer from the Debtor to Zeman was void or voidable. As discussed herein, in their stipulation in the earlier lawsuit, the parties specifically preserved those claims and issues for adjudication in this adversary proceeding.

Defendants now request a declaration from the court such that,

> (1) the Trustee has an affirmative obligation to complete the process of causing the Residence to be sold and applying the proceeds of that sale 'to satisfy the plaintiffs' claims against Cass,' as the complaint alleges in the Second Lawsuit that the Trustee removed to this court, (2) the abstract of judgment that was recorded in their favor on November 11, 2005 is superior to the claims of interest that the Trustee has asserted that he has in the residence, and (3) the purported transfer by Catherine Cass to her daughter was a fraudulent transfer that nullified and voided that transfer including the life estate.

Defendants' First Amended Counterclaim at 7–8, filed on June 2, 2010.

Therefore, because the remedies sought are not inconsistent, and because the Stipulation and the Separate Judgment in the fraudulent transfer action did not address whether Defendants' judgment lien from the defamation and nuisance action attached to Debtor's residence, the court concludes that Defendants' claims are not barred by the election of remedies doctrine. The court further concludes that judicial estoppel does not apply here because Defendants have not taken inconsistent litigation positions in the earlier lawsuit and in this one.

## II. Defendants' Judgment Lien Attached to the Subject Property Upon Recordation of the Abstract of the Judgment

"[A] judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder." California Code of Civil Procedure, § 697.310(a). Further, "[a] judgment lien on real property attaches to all interest in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) ... but does not reach ... real property that is subject to an attachment lien in favor of the creditor and was transferred before judgment." California Code of Civil Procedure, § 697.340(a).

The law of creditors' rights regarding fraudulent transfers is a bit of a patchwork in this area. A creditor has remedies under common law as well as the California Uniform Fraudulent Transfer Act ("CUFTA"), which was adopted on January 1, 1987. Both case law and the CUFTA recognize that remedies available to a creditor are cumulative.

### A. Common Law Fraudulent Transfer Remedies

■ It is a deeply rooted principle of case law that a fraudulent transfer is inherently wrong, and is thus, void:

> [T]he law is well settled, that a conveyance made with intent to defraud creditors is void, though there may have been a full and valuable consideration paid therefor. The fraud taints and vitiates it. And it will not be allowed to stand even as security for advances actually made. The sale and conveyance of all this property being but one transaction, and it being found that the sale as to a part of the property was made for the purpose of defrauding creditors, the Court below would have been justified in holding the whole transacting fraudulent

and void. The fraud would taint the whole.

*Swinford v. Rogers*, 23 Cal. 233, 235–236 (1863) (internal citations omitted); *see also*, 11 Miller & Starr, *California Real Estate* § 32:52 at 99 (3d ed. 2011) ("Any transfer by the judgment debtor that is a fraud on creditors is void as to them."), *citing inter alia*, *First National Bank of Los Angeles v. Maxwell*, 123 Cal. 360, 371, 55 P. 980 (1899).

■ California case law has well established that a judgment lien attaches to real property that is fraudulently transferred by treating the transfer as void in the first place, and not just voidable. *Bull v. Ford*, 66 Cal. 176, 177, 4 P. 1175 (1884) ("The conveyance to defendant being void as against Alvarado's creditors, the creditors were authorized to levy upon and sell the property as if no conveyance had ever been made by their debtor.") (citations omitted); *Hassen v. Jonas*, 373 F.2d 880, 883 (9th Cir.1967) ("The effect of [§ 3439.07] that transfers within the statute are fraudulent is that such transfers are deemed void as to creditors."); *First National Bank of Los Angeles v. Maxwell*, 123 Cal. at 371, 55 P. 980 (holding that the title and ownership of the property remains in the fraudulent grantor as fully as though no transfer had been attempted); *McGee v. Allen*, 7 Cal.2d 468, 473, 60 P.2d 1026 (1936) (holding that a judgment is a lien on property of the judgment debtor fraudulently conveyed) (citation omitted); *Liuzza v. Bell*, 40 Cal.App.2d 417, 429, 104 P.2d 1095 (1940) ("In fraudulent transactions, for the protection of creditors it has been held that ownership and title remain in the grantor."); *Kinney v. Vallentyne*, 15 Cal.3d at 479 n. 6, 124 Cal.Rptr. 897, 541 P.2d 537 ("If the transfer is in fraud of the creditor, the creditor may follow the property into the hands of the transferee even if the transfer took place before the [judg-

ment] lien attached."). Because the fraudulent transfer is disregarded, a perfected judgment lien reaches the interest of a judgment debtor in property that has been fraudulently transferred to another—even if the transfer took place before the judgment lien attached.

## B. Reconciling Common Law Fraudulent Transfer Remedies with the CUFTA

Trustee argues that the CUFTA, California Civil Code § 3439.01 *et seq.,* changed the common law such that an alleged fraudulent transfer is voidable, not void *ab initio.* Under the CUFTA, in an action for relief, a creditor may obtain various remedies. A creditor may: (1) avoid the transfer or obligation to the extent necessary to satisfy the creditor's claim, (2) levy on the fraudulently transferred property by way of attachment against the asset, (3) obtain an injunction against further disposition of the asset; and (4) appoint a receiver to take charge of the asset. California Civil Code § 3439.07(a); *see also,* 1 Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶¶ 3:331–349.5 at 3–103–3–108. Trustee points to the use of the word "avoidance" to indicate a change in the law by the legislature to treat all fraudulent transfers as voidable as opposed to void. However, CUFTA itself does not explicitly declare whether a fraudulent transfer is void or merely voidable.

Regarding the remedies available pursuant to the CUFTA, in *Cortez v. Vogt,* the California Court of Appeal stated that "the remedies of the [Uniform Fraudulent Transfer Act] and its predecessor, the Uniform Fraudulent Conveyance Act, are cumulative to the remedies applicable to fraudulent conveyances that existed before the uniform laws went into effect." 52 Cal.App.4th 917, 929, 60 Cal.Rptr.2d 841

(1997). With respect to fraudulent transfers, the court noted that a fraudulent grantee "holds only an apparent title, a mere cloak under which is hidden the hideous skeleton of deceit, the real owner being the scheming and shifty judgment debtor...." *Id.* at 936, 60 Cal.Rptr.2d 841. Furthermore, the court stated that the CUFTA "is remedial and as such should be liberally construed," and that "the objective of the act is to enhance and not to impair the remedies of the creditor." *Id.* at 937, 60 Cal.Rptr.2d 841; *see also Fidelity National Title Insurance Co. v. Schroeder,* 179 Cal.App.4th 834, 849, 101 Cal. Rptr.3d 854 (2009) ("California recognizes that common law causes of action are not preempted by the [C]UFTA and remain available remedies."), *citing inter alia,* California Civil Code, § 3439.10 and *Macedo v. Bosio,* 86 Cal.App.4th 1044, 1051, 104 Cal.Rptr.2d 1 (2001); *Jhaveri v. Teitelbaum,* 176 Cal.App.4th 740, 755, 98 Cal. Rptr.3d 268 (2009) (finding that the CUFTA is not the exclusive remedy by which fraudulent transfers may be attacked; they may also be challenged by way of a common law action based on fraud); *see also* 2 Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶ 6:170 at 6B–8 ("A transfer of property in fraud of creditors may be disregarded and the property levied upon.").

After the enactment of the CUFTA, in *Casey v. Gray,* the California Court of Appeal held that "the abstract does not attach until it is recorded and it therefore cannot affect previously transferred property." 13 Cal.App.4th 611, 614, 16 Cal. Rptr.2d 538 (1993). Based on this language, Trustee argues that Defendants' abstract of judgment did not attach to the remainder interest in the Residence, but only to Debtor's life estate. Trustee also argues that on November 1, 2005, when Defendants recorded their abstract of judgment, the Debtor's only interest in the

property was a life estate—the Debtor had previously transferred the remainder interest in the property to her daughter. According to Trustee, because the life estate lapsed upon the Debtor's death on February 7, 2009, Defendants' lien lapsed as well. Therefore, Trustee argues that Defendants' recordation failed to create any lien attaching to the remainder interest transferred by the Debtor to her daughter.

■ However, the case at bar involves a fraudulent transfer, which was not an issue in *Casey*, and is therefore distinguishable. In *Casey*, the court held that a judgment lien from an abstract of judgment does not attach to "previously transferred property." *Id.* The court defined property as previously transferred, "if the **purchase price is paid** and **no equitable interest is retained,** notwithstanding that some formality of transfer is incomplete at the time the abstract is recorded." *Id.* (emphasis added). For two reasons, the Residence does not fit the definition of "previously transferred property." First, no purchase price was paid. Second, the Debtor retained an equitable interest in the property because her daughter agreed to return the title to the Debtor at any time. For all intents and purposes, the Residence was the Debtor's property. She continued to enjoy the right to use the property through her retention of the life estate in the property, and she continued to control Zeman's right to dispose of the property, as evidenced by the side agreement between Debtor and Zeman to reconvey the remainder interest. On this record, the court finds by a preponderance

of the evidence that the Debtor retained an equitable interest in the Residence after she purportedly transferred a remainder interest to her daughter.[4] The court further rejects Trustee's contention that Defendants failed to preserve the issue of whether Debtor had an equitable interest in the Residence in the joint pretrial order since that issue was preserved in one or more of the contested issues of law identified in the joint pretrial order, i.e., JPTO, Contested Issues of Law, ¶¶ 6, 7, 8, 9, 10 and 11. Therefore, for the foregoing reasons, the court concludes that the Residence was not previously transferred within the meaning of *Casey* and that *Casey* is inapposite because it did not address the issue of a fraudulent transfer.

Allowing the judgment lien to attach to the fraudulently transferred property appropriately remedies the substance of the transaction here; the Debtor was the real owner of the Residence and had at least an equitable interest in the property. *See Fidelity National Title Insurance Co. v. Schroeder,* 179 Cal.App.4th at 849, 101 Cal. Rptr.3d 854, *citing,* California Code of Civil Procedure § 697.340(a) ("California law provides that a judgment lien attaches to *all* interests in real property, including *equitable* interests.") (italics in original). Thus, it is the view of this court that if Debtor had an equitable interest in the Residence, despite the purported transfer of a remainder interest to her daughter, Defendants' judgment lien attached to this interest when they perfected the judgment lien by recording an abstract of judgment pursuant to California Code of Civil Proce-

4. The Superior Court in assessing punitive damages against the Debtor and in favor of Defendants in the defamation and nuisance action considered the Residence to be the Debtor's property after the transfer, stating "AND I CAN SAY I COULD FIND, IF THIS WERE A CRIMINAL CASE, BEYOND A REASONABLE DOUBT THAT THE TRANSFER OF THIS HOUSE WAS TO AVOID THE POSSIBILITY OF A JUDGMENT THAT MIGHT EFFECT HER ABILITY TO HOLD ON TO THIS HOUSE...." JPTO, Undisputed Facts ¶ 9; Exhibit 4 at 20.

dure, § 697.310(a). *Id.* Thus, the court agrees with Defendants' argument that "[w]hether the transfer was void or void ab initio is an issue for this Court to determine in this trial and even if the Court were to conclude that the transfer were not void or void ab initio, the abstract of judgment still attached to Mrs. Cass's equitable ownership of the Residence." *See Responsive Trial Brief by James and Rebecca Wallace and Gloria Suess,* filed on February 16, 2012, at 15.

Trustee's position exalts form over substance and ignores the liberal remedial policies of the CUFTA and case law. Trustee's restrictive reading of CUFTA, namely that a judgment lien creditor has no rights or remedies until the fraudulent transfer is avoided, is not supported by California law as provided in the applicable statutes and case law, and would have the effect of perpetuating the fraud of the sham transfer by Debtor to Zeman. This restrictive view would, in fact, nullify the effectiveness of the other remedies provided by CUFTA to defeat a fraudulent transfer, such as attachment and levy pursuant to a perfected judgment lien, because a successful avoidance action would be needed to perfect these other remedies according to Trustee. Nowhere is such an intent to condition other fraudulent transfer remedies on an avoidance action expressed in CUFTA or in its legislative history.

██ It appears that the use of the word "avoidance" in the language of California Civil Code § 3439.07(a)(1) was not intended to mean that fraudulent transfers are merely "voidable," as the Trustee argues. Instead, it appears that the legislature intended it to be a limited exception to the general rule that, by nature, fraudulent transfers are void *ab initio,* in order to restrict the ability of a creditor in an avoidance action to set aside a fraudulent

transfer to a good faith purchaser for reasonably equivalent value. *See* California Civil Code, § 3439.08(d) ("Notwithstanding voidability of a transfer or an obligation under [the CUFTA], a good faith transferee ... is entitled, to the extent of the value given the debtor for the transfer or obligation, to the following: (1) A lien on or a right to retain any interest in the asset transferred...."). Thus, if the transferee of the property is a good faith purchaser who gives reasonably equivalent value, the transfer is not voidable in an avoidance action. If the transferee is *not* a good faith purchaser for reasonably equivalent value—like Zeman in this case—the transfer is void and the creditor may seek to set it aside in an avoidance action. Defendants' recorded abstract of judgment became a lien on the Residence, unless the property had been conveyed by the Debtor to an innocent purchaser for value before the abstract of judgment was recorded. California Code of Civil Procedure §§ 697.310(a) and 697.340(a); California Civil Code §§ 3439.07(a)(1) and 3439.08; *see also,* 11 Miller & Starr, *California Real Estate* § 32:52 at 99 ("The subsequently recorded abstract of judgment becomes a lien on the property, unless the property has been conveyed by the fraudulent grantee to an innocent purchaser for value before the abstract of judgment was recorded."), *citing inter alia, First National Bank of Los Angeles v. Maxwell,* 123 Cal. at 371, 55 P. 980 and *Fly v. Cline,* 49 Cal.App. 414, 419, 193 P. 615 (1920).

Nevertheless, in addressing the question of whether a fraudulent transfer is void or voidable under the CUFTA, the court observes that there is no indication in the CUFTA's language or in its legislative history that the California legislature intended to change the common law and establish fraudulent transfers in general as voidable instead of void. Following CUF-

TA's enactment in 1987, courts and other authorities continue to recognize that a creditor has cumulative remedies with respect to a fraudulent transfer as discussed herein. *See, e.g., Fidelity National Title Insurance Co. v. Schroeder,* 179 Cal. App.4th at 849, 101 Cal.Rptr.3d 854; *Jhaveri v. Teitelbaum,* 176 Cal.App.4th at 755; 98 Cal.Rptr.3d 268 1 Ahart, *California Practice Guide: Enforcing Judgments and Debts,* ¶¶ 3:342–3:350 at 3–106–3–109 and ¶ 6:170 at 6B–8.

In addition, the court has considered the parties' arguments based on *Quarre v. Saylor (In re Saylor),* 108 F.3d 219 (9th Cir.1997), and agrees with the Defendants. *Saylor* is distinguishable from the present case. In *Saylor,* the Ninth Circuit affirmed the Ninth Circuit BAP's holding that a judgment creditor did not have standing to prosecute a non-dischargeability claim under 11 U.S.C. § 523(a)(6) based on an alleged fraudulent transfer of real property. 108 F.3d at 221. The present case, in contrast, does not involve a claim under 11 U.S.C. § 523(a)(6) regarding the dischargeability of a debt. The judgment creditor in *Saylor* was not asserting any lien rights as a judgment creditor, which is different from this case because the judgment creditor in this case is asserting a lien claim rather than a debt dischargeability claim. 108 F.3d at 220–221. The question of the lien rights of a judgment creditor was not determined by the *Saylor* court, nor was the question whether a fraudulent transfer is "void" or "voidable" under California law determined, and therefore, *Saylor* is inapposite to this case.

Similarly, the opinion in *Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries),* 908 F.2d 517 (9th Cir.1990), is not determinative of the outcome in this case. *Van de Kamp's* involved an interpretation of Washington law which provided that a fraudulent conveyance is good as between the parties and passes title, so that union pension funds had to bring a lawsuit and obtain a judgment in state court to perfect their statutory liens for unpaid benefit contributions in fraudulently conveyed property. 908 F.2d at 518–520. The bankruptcy trustee avoided a fraudulent transfer and preserved the transfer for the benefit of the bankruptcy estate under 11 U.S.C. §§ 548 and 551 over the objection of these competing lien creditors because under Washington law, they had not perfected their liens prepetition. *Id.* The instant case is distinguishable because it involves the law of another state, California, which has a different substantive outcome because as discussed herein, in California, fraudulent transfers are void as to creditors and a perfected judgment lien may attach to an equitable interest in property that has been fraudulently transferred. *See Connelly v. Marine Midland Bank, N.A.,* 61 B.R. 748, 749–750 (W.D.N.Y.1986) (avoided and preserved interest inferior to perfected interest), *cited in In re Van de Kamp's Dutch Bakeries,* 908 F.2d at 519 and n. 2 (also noting "well-established principle that a trustee who avoids an interest succeeds to the priority that interest enjoys over competing interests"). The court in *Van de Kamp's* simply did not consider the same legal questions presented here.

Therefore, for the foregoing reasons, the court holds that under applicable California law, the judgment lien perfected by Defendants' recorded abstract of judgment attached to the Debtor's Residence on November 1, 2005, that the recordation of the abstract of judgment perfected Defendants' judgment lien against the Residence which was fraudulently transferred property, and that the fraudulent transfer from the Debtor to Zeman was void. Accordingly, the court concludes that Trustee must apply the proceeds of the sale of the Debtor's Residence in this bankruptcy

case to satisfy Defendants' claims against the Debtor, except those that are superior to Defendants' November 1, 2005 judgment lien.

### CONCLUSION

For the foregoing reasons, the court will deny and dismiss the adversary complaint of Trustee and will enter judgment for Defendants on their counterclaim against Trustee.

This memorandum decision constitutes the court's findings of fact and conclusions of law.

In issuing this memorandum decision, the court takes no position regarding the effect of this ruling, if any, on other pending proceedings, such as Trustee's motion for surcharge under 11 U.S.C. § 506(c).

Counsel for Defendants is ordered to submit a proposed judgment consistent with this memorandum decision within 30 days of entry of the decision.

**IT IS SO ORDERED.**